UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UMAR ALLI, | |
|---|---|
| Plaintiff, | 24-CV-2734 (VSB) |
| -against- | ORDER OF SERVICE |
| EDMOUNDS, ET AL., | |
| Defendants. | |

VERNON S. BRODERICK, United States District Judge:

Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants[1] violated his constitutional rights. By order dated April 11, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Named as Defendants are: (1) Sterling #5574; (2) Edmounds #10909; (3) Wright #6486; (4) Brown #1699; (5) Morales #14587; (6) Brown #1689; (7) Providence #11248; (8) Littles #2331; (9) Rickets #9789; (10) Robinson #5182; (11) Levy #18582; (12) Mariano #17993 (13) Simms #9256; (14) Davis #14464; (15) Nihal #8082; (16) Deputy Warden Carter; (17) Deputy Warden Harris; (18) Captain Moodie #593; (19) Captain Ruiz #475; (20) Captain Alleyne #574 (21) Medical Doctors John Doe on duty April 15, 2021, April 23, 2021, and May 1, 2021; (22) Acting Warden Jean Rene; (23) Investigator Weinbrecht; (24) Investigator Djanovic; (25) Investigator Cooper #441; (26) Austrie #35; (27) Investigator Segovia; (28) Investigator Sukumaran; (29) Captain Molina; (30) John Doe, GRVC Main Yard 2; (31) John Doe, GRVC Rec Officer A; (32) Jane Doe GRVC Cap CMC Max A; (33) Former Chief Jennings; (34) John Doe GRVC Rec Officer B. (ECF 1 at 1-2.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

### A.   Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the following Defendants were personally involved in what occurred: (1) Brown #1699; (2) Brown #1689; (3) Captain Moodie #593; (4) Captain Molina; (5) Investigator Segovia; (6) Medical Doctors John Doe on duty April 15, 2021, April 23, 2021, and May 1, 2021; (7) John Doe, GRVC Main Yard 2; (8) John Doe, GRVC Rec Officer A; (9) Jane Doe GRVC Cap CMC Max A; and (10) John Doe GRVC Rec Officer B. The Court dismisses the claims against these Defendants for failure to state a claim on which

relief may be granted, but grants Plaintiff leave to file an amended complaint, should he wish to do so, to assert facts against those individuals.

**B.     Order of Service**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons: (1) Sterling #5574; (2) Edmounds #10909; (3) Wright #6486; (4) Morales #14587; (5) Providence #11248; (6) Littles #2331; (7) Rickets #9789; (8) Robinson #5182; (9) Levy #18582; (10) Mariano #17993 (11) Simms #9256; (12) Davis #14464; (13) Nihal #8082; (14) Deputy Warden Carter; (15) Deputy Warden Harris; (16) Captain Ruiz #475; (17) Captain Alleyne #574; (18) Acting Warden Jean Rene; (19) Investigator Weinbrecht; (20) Investigator Djanovic; (21) Investigator Cooper #441; (22) Austrie #35; (23) Investigator Sukumaran; (24) Captain Molina; and (25) Former Chief Jennings.

**C.     Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Court dismisses, with leave to replead, Plaintiff's claims against the following Defendants: (1) Brown #1699; (2) Brown #1689; (3) Captain Moodie #593; (4) Captain Molina; (5) Investigator Segovia; (6) Medical Doctors John Doe on duty April 15, 2021, April 23, 2021, and May 1, 2021; (7) John Doe, GRVC Main Yard 2; (8) John Doe, GRVC Rec Officer A; (9) Jane Doe GRVC Cap CMC Max A; and (10) John Doe GRVC Rec Officer B.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons: (1) Sterling #5574; (2) Edmounds #10909; (3) Wright #6486; (4) Morales #14587; (5) Providence #11248; (6) Littles #2331; (7) Rickets #9789; (8) Robinson #5182; (9) Levy #18582; (10) Mariano #17993 (11) Simms #9256; (12) Davis #14464; (13) Nihal #8082; (14) Deputy Warden Carter; (15) Deputy Warden Harris; (16) Captain Ruiz #475; (17) Captain Alleyne #574; (18) Acting Warden Jean Rene; (19) Investigator Weinbrecht; (20) Investigator Djanovic; (21) Investigator Cooper #441; (22) Austrie #35; (23) Investigator Sukumaran; (24) Captain Molina; and (25) Former Chief Jennings.

The Clerk of Court is directed to mail an information package to Plaintiff.

Local Rule 33.2 applies to this case.

SO ORDERED.

Dated: May 10, 2024
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge