```
APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J.
```

In light of the City's anticipated motion to enforce the settlement agreement, this case is hereby stayed pending a decision on that motion. The City is directed to update the Court on the status of the motion every sixty days. The Clerk of Court is respectfully directed to stay this case and to mail a copy of this Order to Plaintiff.

Dated: August 9, 2024

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH ZANGRILLI**
*Senior Counsel*
Phone: (212) 356-2657
Fax: (212) 356-5509
jzangril@law.nyc.gov

August 7, 2024

**VIA ECF**
Honorable Vernon S. Broderick
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Umar Alli v. Sterling et al.,
                  24 Civ. 2734 (VSB)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York in the above-referenced matter.[1] Defendant writes to respectfully request that the Court stay this case pending the outcome of the defendant's anticipated motion to enforce a settlement reached by the parties in a separate matter during a settlement conference held on March 12, 2024. The Defendant believes that the general release that was signed by plaintiff will ultimate preclude his ability to prosecute this case, as it would cover any potential claims he seeks to bring herein. Defendant has attempted to contact Plaintiff regarding his position but due to his incarcerated status could not contact him at the time of this filing.

      By way of background, Plaintiff filed this action on April 9, 2024, pursuant to 42 U.S.C. §1983, alleging *inter alia,* claims including First Amendment violations, conspiracy, excessive force, and Fourth Amendment violations against him while he was incarcerated in the George R. Vierno Center Correctional Facility on Riker's Island on April 15, 2021, April 23, 2021, and May 1, 2021. (See ECF No. 1.)

---

[1] This case has been assigned to Assistant Corporation Counsel Seamus O'Connor, who is awaiting admission to the Southern District of New York. Mr. O'Connor is handling this matter under my supervision and may be reached at (212) 356-2337 or seoconno@law.nyc.gov.

Plaintiff has also filed numerous other actions which the parties sought to settle, globally. (See Exhibit A-Alli v. Warden Renee et al., 21 Civ. 9470 (PGG) (SN) March 6, 2024 Order ECF No. 121.) On March 12, 2024 the parties the parties appeared for a global settlement conference before the Honorable Sarah Netburn. (See Exhibit B-Transcript of the March 12, 2024 Settlement Conference) Plaintiff was represented by court appointed counsel, Susanne Keane, for the purposes of settlement at the conference. (See id.) The terms of the settlement, including the Plaintiff's agreement to sign a general release was explicitly explained to Plaintiff, and his acceptance was placed on the record. (Id.) During a subsequent July 17, 2024 status conference, Plaintiff stated he no longer wished to go forward with settlement and sought to reopen his cases. (Alli v. Warden Renee et al., 21 Civ. 9470 (PGG) (SN) July 8, 2024 Order ECF No. 133.) On July 29, 2024, Defendants wrote to Judge Netburn expressing their intention to move to enforce the settlement agreement. (See Exhibit C-Alli v. Warden Renee et al., 21 Civ. 9470 (PGG) (SN) Letter Motion to Stay Pending Motion ECF No. 136.) Judge Netburn granted the defendant's motion to stay the related cases. (Alli v. Warden Renee et al., 21 Civ. 9470 (PGG) (SN) July 31, 2024 Order, ECF No. 137.) Judge Netburn then set a briefing schedule with Defendants' motion due August 16, 2024, Plaintiff's opposition due September 16, 2024 and Defendants' reply due September 30, 2024. (Id.)

With respect to Defendants' request to stay this case, a court may grant a stay of discovery pending a dispositive motion where good cause is shown. See FED. R. CIV. P. 26(c); Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 FRD 367, 368 (S.D.N.Y. 2002). Here, there is good cause for a stay of this matter, as there is a substantial likelihood of success on Defendants' motion, which will be fully dispositive of this matter, and due to the burden and cost of further discovery, and the absence of any prejudice to Plaintiff if a stay were granted. See Spinelli v NFL, 2016 U.S. Dist. LEXIS 135275, at *1 (S.D.N.Y. Sep. 29, 2016).

First, if the Defendants' motion to enforce is granted, the general release of liability in the settlement agreement would lead to a dismissal of the claims in this matter. (See Exhibit B Transcript of March 12, 2024 Settlement Conference at p. 8:13-25; 9:1-4.) Thus, litigating this case before the motion is decided runs the risk of this Court and the parties expending substantial time and resources on a matter that will ultimately be dismissed.

Second, a stay would benefit both parties by avoiding the burden and expense of discovery that may well prove unnecessary. See Integrated Sys. & Power v. Honeywell Int'l, 09 - CV-5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12-CV-5126 (ALC)(KNF), 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013) (M.J. Fox)); Chesney v. Valley Stream Union Free Sch. Dist. No. 25, 05-CV-5105 (DRH)(ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated).

Third, there is no prejudice to Plaintiff if the stay is granted. A delay alone does not constitute prejudice. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). This case is only four months old, and "[a] stay pending determination of a dispositive motion that potentially

eliminates the entire action will neither substantially nor unduly delay the action, should it continue." See Spinelli v. NFL, No. 13 CV 7398 (RWS), 2015 U.S. Dist. LEXIS 155816, 2015-2 Trade Cas. (CCH) P79, 372, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). In any event, any delay is greatly outweighed by the substantial burden of discovery that would be avoided if defendants' motion were to be granted.

The Defendant thanks the Court for its time and consideration to this request.

Respectfully submitted,

/s/ *Joseph Zangrilli*
Joseph Zangrilli
Senior Counsel
Special Federal Litigation

CC:   BY MAIL
      Umar Alli
      22-B-2174
      Elmira Correctional Facility
      P.O. Box 500
      Elmira, NY 14902
      Pro Se

3